IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| FELLOWES, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civ. Action No. 1:10-cv-07587 |
| ACCO BRANDS CORP., and ROYAL APPLIANCE MANUFACTURING CO. d/b/a TTI FLOOR CARE NORTH AMERICA, and TECHTRONIC INDUSTRIES CO., LTD., | ) | Judge Harry D. Leinenweber |
| Defendants. | ) | |

**ACCO BRANDS CORP.'S RESPONSE TO FELLOWES INC.'S
MOTION FOR CONSOLIDATION PURSUANT TO FED. R. CIV. P. 42**

Defendant ACCO Brands Corp. ("ACCO"), by and through its undersigned counsel, hereby responds to Plaintiff Fellowes Inc.'s ("Fellowes") Motion to Consolidate Civ. Action. No. 1:10-cv-07581 ("Case 1") with Civ. Action No. 1:11-cv-04229 ("Case 2"). (Case 1, Dkt. No. 38.) Fellowes initiated Case 1 in November 2010 against ACCO alleging that ACCO infringes four patents. ACCO and Fellowes agreed on a case schedule for Case 1 in accordance with the Local Patent Rules and exchanged initial disclosures, initial contentions, and written discovery concerning the first four patents.

Eight months later, Fellowes initiated Case 2 asserting infringement of a fifth patent against ACCO and two other defendants, Royal Appliance Manufacturing Co. d/b/a TTi Floor Care North America and Techtronic Industries Co. Ltd. (collectively "TTi"). Almost two months after filing Case 2, Fellowes amended its complaint to add allegations of infringement of yet another patent against ACCO. (Case 2, Dkt. No. 33.) Fellowes had informally accused

1

ACCO of infringing this sixth patent well before it filed Case 1, but Fellowes chose not to assert it against ACCO in Case 1 and again chose not to assert it in the original complaint of Case 2.

ACCO opposed Fellowes' motion to consolidate Case 2 with Case 1 based upon the disparate schedules of the putative consolidated cases. ACCO offered to withdraw its opposition if the disclosures for Case 2 were based on the timeline of the Local Patent Rules. If the cases against ACCO are to be consolidated, they should be consolidated into a single schedule consistent with Fellowes' stated purpose in seeking consolidation of simplification. ACCO and Fellowes have already exchanged initial disclosures and contentions on the four patents of Case 1 and are preparing to begin exchanging final contentions in September. (Case 1, Dkt. No. 31.) The most reasonable, most efficient, and least prejudicial course of action is to set a schedule based on the Local Patent Rules for the last-asserted patent, complete the initial disclosures and contentions for the two patents asserted in Case 2, and merge the schedule for the original four patents into the schedule for the last-asserted patent.

Fellowes apparently agrees that it is necessary to adjust the schedule of Case 1 to match the disclosures required by the Local Patent Rules. (Case 1, Dkt. No. 38 at 6 ("So adjusting the current schedule in Fellowes 1 to accommodate similar disclosures in Fellowes 2 should not be burdensome and should be accomplished relatively quickly and efficiently.").) In fact, Fellowes does not appear to disagree with the schedule outline above. ACCO presented this schedule to Fellowes in a proposed stipulation, attached hereto as Exhibit A, that would allow the patents in Case 2 to catch up with the patents in Case 1 while imposing the minimum amount of prejudice to ACCO. (Exs. A, B.) Although Fellowes did not disagree with ACCO's proposed schedule, Fellowes expressed concern that any schedule would need to be modified if TTi remains in this case. (Ex. B.) Though it appears that ACCO and Fellowes will be able to agree on a

consolidated schedule, ACCO does share Fellowes' position that the possibility of modifying the schedule in the future should preclude agreement on a schedule now. ACCO therefore files this response to preserve ACCO's objection to any attempt abbreviate the schedule laid out by the Local Patent Rules.

## **CONCLUSION**

If a schedule is set for all patents that provides for the timeframes set forth in the Local Patent Rules, ACCO does not oppose consolidation of the cases against ACCO. ACCO only opposes consolidation to the extent that any asserted patent is forced to proceed on a timeline shorter than what is directed by the Local Patent Rules.

Dated: August 26, 2011                    ACCO BRANDS CORPORATION


/s/Paul R. Coble_____
Michael A. Stiegel
  mastiegel@michaelbest.com
Paul R. Coble
  pcoble@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 North Stetson Avenue
Suite 2000
Chicago, IL  60601-6710
Telephone:  312.222.0800
Facsimile:  312.222.0818

J. Donald Best
  jdbest@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street
Suite 700
Madison, WI  53703
Telephone:  608.283.2272
Facsimile:  608.283.2275

*Attorneys for Defendant/Counterclaimant*
*ACCO Brands Corporation*

**CERTIFICATE OF SERVICE**

I, Paul R. Coble, hereby certify that on August 26, 2011, I caused a copy of the foregoing *ACCO Brands Corp.'s Response To Fellowes Inc.'s Motion For Consolidation Pursuant To Fed. R. Civ. P. 42* to be filed with the Court's CM/ECF system, which provides service to all counsel of record via electronic mail.

/s/Paul R. Coble
Paul R. Coble